**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 10, 2023

LETTER TO COUNSEL

RE: *Frances S. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2515

Dear Counsel:

On October 3, 2022, Plaintiff Frances S. petitioned this Court to review the Social Security Administration's ("SSA's" or "Defendant's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' dispositive briefs, Plaintiff's reply brief, and Defendant's motion for leave to file notice of supplemental authority.[1] ECFs 10, 12, 14, and 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will affirm the Commissioner's decision. This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on December 17, 2019, alleging a disability onset date of December 17, 2019. Tr. 181–90. Her claim was denied initially and on reconsideration. Tr. 92–95, 97–101. On November 17, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38–71. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 20–32. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

At step one of the sequential evaluation, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since December 17, 2019, the alleged onset date." Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity and osteoarthritis of the right hip." *Id.* The ALJ further found that Plaintiff's post-concussion syndrome and post-traumatic stress disorder were non-severe impairments. Tr. 24. The ALJ found that Plaintiff has mild limitations in all four broad areas of mental functioning (known as the "paragraph B" criteria), including (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. Tr. 25–26. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR

---

[1] The Court grants Defendant's motion for leave to file notice of supplemental authority, ECF 14.

*Frances S. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2515
May 10, 2023
Page 2

Part 404, Subpart P, Appendix 1." Tr. 27.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she can stand and walk a total of four hours in an eight-hour workday; frequently operate foot controls with the right foot; and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes or scaffolds. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

Tr. 27.  After considering testimony from a vocational expert, the ALJ determined that Plaintiff could perform past relevant work as a contract administrator (Dictionary of Occupational Titles ("DOT") Code 162.117-014) and as a technical writer (DOT Code 131.267-026).  Tr 31.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 32.

Plaintiff raises two arguments on appeal.  ECF 10, at 3–10.  Specifically, Plaintiff argues that (1) the ALJ failed to include limitations in the RFC to adequately accommodate Plaintiff's mental limitations, *id.* at 3–11, and (2) the ALJ and AC were not properly appointed under the Federal Vacancies Reform Act of 1998 ("FVRA"), 5 U.S.C. §§ 3345 et seq., *id.* at 11–12.  Defendant counters that (1) the ALJ and AC were properly appointed, ECF 12, at 5–15, and (2) the ALJ's RFC assessment is supported by substantial evidence and adequately accommodates Plaintiff's non-severe mental impairments, *id.* at 15–22.

I begin with Plaintiff's second argument—whether the ALJ and AC were properly appointed—as the answer to that question determines whether the Court can address Plaintiff's other argument.  *See Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018); *Carr v. Saul*, 141 S. Ct. 1352, 1357 (2021); *see also Foster v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00290-PHX-JAT, 2023 WL 2661608, at *1 (D. Ariz. Mar. 28, 2023) (noting that the FVRA question in a Social Security appeal is "controlling").  The FVRA outlines the procedure when "an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office."  5 U.S.C. § 3345(a).  A "person serving as an acting officer [pursuant to the FVRA] may serve in the office":

> (1) for no longer than 210 days beginning on the date the vacancy occurs; or
> (2) subject to subsection (b), once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate.

*Id.* § 3346(a).  When a vacancy occurs within the first sixty days of "a transitional inauguration day," the duration prescribed in §3346(a)(1) extends to 300 days.  *Id.* § 3349a(b).

Nancy Berryhill assumed the position of Acting Commissioner of the SSA on January 20, 2017, the first day of Donald Trump's presidency.  *See Rush v. Kijakazi*, 65 F.4th 114, 2023 WL

2877081, at *1 (4th Cir. 2023). Plaintiff contends that Acting Commissioner Berryhill could not properly serve as head of the SSA under the FVRA after November 16, 2017—300 days after she assumed the position. ECF 10, at 11. Plaintiff argues that because Acting Commissioner Berryhill's tenure had exceeded the statutory maximum number of days under § 3346 when she "purported to properly appoint SSA's ALJs and Appeals Council judges" on July 16, 2018, she did so without legal authority, so the appointments "had no legal validity."[2] *Id.* (citing SSR 19-1p, 2019 WL 1324866). As such, Plaintiff asserts that she is entitled to a new hearing before a properly appointed ALJ and AC judges. *Id.* at 12.

The Fourth Circuit recently unequivocally dispelled Plaintiff's argument. In *Rush*, the Fourth Circuit explained that subsections (1) and (2) of § 3346(a) "set forth two independent periods" during which a person could properly serve as an acting officer. 2023 WL 2877081, at *3. Acting Commissioner Berryhill stepped down after the Government Accountability Office issued a report in March 2018 determining that Berryhill could not properly continue to serve as Acting Commissioner under § 3346(a)(1) after November 16, 2017. *Id.* at *1. However, once President Trump nominated Andrew Saul to be Commissioner in April 2018, Nancy Berryhill once again assumed the role of Acting Commissioner, this time, under § 3346(a)(2). *Id.* at *2. "It was during this second period of acting service, in July 2018, that Berryhill purported to ratify the appointments of SSA's ALJs." *Id.* (citing *Carr*, 141 S. Ct. at 1357).

The Fourth Circuit held that "[a]n acting officer may serve while a nomination is pending in accordance with § 3346(a)(2) regardless of whether her service under § 3346(a)(1) expired before the nomination was submitted. Berryhill therefore was properly serving as SSA Acting Commissioner when she ratified the ALJs' appointments." *Id.* at *7. As such, the SSA's ALJs and AC judges were properly appointed, and Plaintiff is not entitled to a new hearing on this point.

Turning to the substantive issue, Plaintiff's argument that the ALJ failed to adequately account for Plaintiff's mental limitations also fails. Plaintiff cites *Wells v. Colvin*, a Tenth Circuit case, for the proposition that "even mild [limitations in the four broad functional areas] must find adequate expression via specific functional limitations in the RFC determination or the ALJ must adequately explain their basis for not doing so." ECF 10, at 5–6 (citing *Wells*, 727 F.3d 1061, 1068–71 (10th Cir. 2013)).

The relevant regulations and Fourth Circuit caselaw do not support Plaintiff's position that the ALJ was required to include additional limitations in Plaintiff's RFC to accommodate her mild mental limitations. In formulating a claimant's RFC, the ALJ "consider[s] all of [the claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe' . . . ." 20 C.F.R. § 404.1545(a)(2); *see*

---

[2] In *SEC v. Lucia*, the Supreme Court held that Securities and Exchange Commission ALJs were "Officers of the United States" and therefore had to be appointed by the agency head, the president, or a court of law under the Appointments Clause of the U.S. Constitution. 138 S. Ct. at 2051 (citing U.S. Const. art. II, § 2, cl. 2). Acting Commissioner Berryhill reappointed the SSA's ALJs and AC judges in response *Lucia*. *Carr*, 141 S. Ct. at 1357.

*Frances S. v. Commissioner, Social Security Administration*
Civil No. SAG-22-2515
May 10, 2023
Page 4

*also id.* § 404.1545(e). The Fourth Circuit has explained that "neither [its] caselaw nor the regulations explicitly require" an ALJ to "specifically address" a claimant's non-severe impairments in an RFC assessment. *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021). "The [ALJ] is only required to *consider* these non-severe impairments." *Id.*

Here, the ALJ thoroughly evaluated Plaintiff's mental impairments at step two, after summarizing Plaintiff's minimal mental health treatment history, unremarkable mental status exams, and the medical opinions in the record. Tr. 24–27. The ALJ ultimately concluded that "because the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas" and because "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non-severe." Tr. 27. This conclusion is adequately supported by substantial evidence. The ALJ then properly considered Plaintiff's non-severe mental impairments when formulating the RFC. Tr. 26 ("The undersigned considered all of the claimant's medically determinable impairments, *including those that are not severe*, when assessing the claimant's residual functional capacity . . . ." (emphasis added)); *see also* Tr. 30 (taking into account Plaintiff's sister's Third-Party Function Report which "set[] forth her observations and views regarding the claimant's physical *and mental* limitations and activities of daily living" (emphasis added)).

The Fourth Circuit has held that an ALJ must either account for a claimant's moderate limitation in concentration, persistence, and pace in the RFC or adequately explain why no such RFC limitation is necessary. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). However, this Court has declined to extend *Mascio*'s holding to cases where the ALJ found a claimant had only mild limitations in this functional area. *See Moyers v. Comm'r*, No. SAG-17-357, 2018 WL 1471459, at *4 (D. Md. Jan. 5, 2018) ("As an initial matter, there is no requirement that a finding of 'mild' difficulty in concentration, persistence, or pace must translate to a correlating limitation in the RFC assessment."); *Matthews v. Comm'r*, No. SAG-15-3341, 2016 WL 4687635, at *4 (D. Md. Sept. 7, 2016) ("This Court has yet to extend *Mascio* to cover a finding of only mild limitations, and will not do so on this record."); *Theresa C. v. Kijakazi*, No. 21-2026-BAH, 2022 WL 3649965, at *5 (D. Md. Aug. 24, 2022); *Walter G. v. Kijakazi*, No. 21-2400-BAH, 2022 WL 12036530, at *4 n.6 (D. Md. Oct. 20, 2022). Plaintiff does not challenge the ALJ's application of the paragraph B criteria at step two. Because the ALJ adequately considered Plaintiff's mild mental limitation in the RFC in compliance with the regulations and Fourth Circuit law, remand is not warranted.

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge